IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2010

**STEVEN RAY KENNEDY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 06-05747      John T. Fowlkes, Jr., Judge**

**No. W2010-00278-CCA-R3-PC  - Filed October 28, 2010**

The *pro se* petitioner, Steven Ray Kennedy, appeals the post-conviction court's summary dismissal of his petition for post-conviction relief.  He argues that the court should have given him fifteen days to file an amended petition that conformed to the statutory requirements or appointed counsel to assist in presenting his claims of ineffective assistance of counsel and unknowing and involuntary guilty plea.  After review, we affirm the summary dismissal of the petition by the post-conviction court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Steven Ray Kennedy, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rachel Newton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

        The petitioner and a co-defendant were indicted on alternate counts of first degree premeditated murder and first degree felony murder arising out of the killing of a drug dealer named "Paradise" near a truck stop in Memphis. On April 6, 2009, the petitioner pled guilty to the lesser-included offense of second degree murder and received a sentence of twenty years in the Department of Correction.

The petitioner filed a petition for post-conviction relief on August 10, 2009, alleging as grounds for relief that: (1) he was crying on the witness stand when he was being sworn in and "was very hysterical"; (2) he pled guilty only to keep his co-defendant from "getting less time" and because his attorney wanted him to plead guilty; (3) he did not fully understand the questions the trial court asked him on the witness stand because he was hysterical; (4) a blanket was obtained as evidence without a search warrant, and it was handled by different people and no DNA was found on it; (5) a notebook was taken from his truck without a legal search warrant that had nothing to do with the case; (6) the statement taken from his co-defendant was coerced and should not have been used against him; (7) the blanket was taken by a Mississippi detective who was not the one who had charged him; and (8) the self-incriminating statement he gave was a lie he told to protect his co-defendant.

The petitioner also presented one page of factual allegations, which included the blanket allegations that his attorney: (1) did not talk to him about trial strategy the week before trial; (2) did not discuss his case in a timely manner; (3) did not file new motions that needed to be filed; (4) failed to have a mental evaluation conducted; and (5) failed to give him complete discovery. The petitioner also alleged that he "[s]igned for [his] plea basically because [his] lawyer didn't really want to go to trial like [he] wanted to do." With regard to discovery, the petitioner alleged that: (1) there was no coroner's report in discovery; (2) no one viewed the video and audio recordings in the discovery materials; (3) there was no motion for a severance so he could receive a fair hearing or trial; (4) he did not know what evidence was going to be used against him, including impeachment evidence; (5) there was "no physical evidence except just a statement"; (6) he did not have the names of people who the prosecutor, investigator, or his attorney had talked to; and (7) the investigator did not meet with him in a timely manner and did not "know what he had done in investigating [his] case."

The State moved to dismiss the petition on grounds that it did not state a factual basis for any of the allegations. The post-conviction court agreed, and on September 11, 2009, dismissed the petition for failure to conform to the minimum requirements set out in Tennessee Code Annotated section 40-30-104. On September 24, 2009, the petitioner filed a "Motion for Reconsideration and/or Rehearing," which the post-conviction court denied on December 9, 2009. In its denial, the post-conviction court determined that neither the original petition nor the motion for reconsideration conformed to the requirements of Tennessee Code Annotated section 40-30-106, that the "[p]etitioner's long list of complaints about his trial counsel is an insufficient showing to warrant appointment of counsel and [a] hearing," and that the petitioner failed to show that trial counsel was ineffective or that the petitioner was prejudiced. The court concluded that it was justified in dismissing the petition because it did not contain a full disclosure of the factual basis of the grounds

asserted, and the court reviewed the record and determined that the petitioner was not entitled to relief. The petitioner filed a notice of appeal on January 6, 2010.

## ANALYSIS

As an initial matter, the State asserts that the appeal should be dismissed because the petitioner did not file a timely notice of appeal. As noted above, the post-conviction court dismissed the petition on September 11, 2009, and the notice of appeal was not filed until January 6, 2010. In his notice of appeal, the petitioner averred that it was timely filed because it was filed within thirty days of the denial of his September 24, 2009, motion to reconsider, which occurred on December 9, 2009. However, such is not a correct statement of the law.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. However, if a timely motion (1) for judgment of acquittal, (2) for a suspended sentence, (3) for withdrawal of a guilty plea, (4) for a new trial, or (5) for arrest of judgment is filed, the thirty days run from the entry of the order determining such motion or motions. Tenn. R. App. P. 4(c). Clearly, a motion to reconsider is not among the specified motions that toll the thirty-day requirement. Id.; see State v. Rockwell, 280 S.W.3d 212, 214-15 (Tenn. Crim. App. 2007).

In criminal proceedings, however, the notice of appeal is not jurisdictional. Accordingly, this court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. Such is the case here.

Asserting that he received the ineffective assistance of counsel, which caused him to enter an unknowing and involuntary guilty plea, the petitioner argues that "[t]he petition contained the best statement of all grounds that [he] could submit[.]" The State responds that the post-conviction court properly dismissed the petition on the basis that the petitioner failed to state an adequate factual basis for the grounds alleged in the petition. We review the post-conviction court's dismissal of the petition, as an issue of law, *de novo* on the record without a presumption of correctness. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

Section 40-30-106 of the Post-Conviction Procedure Act provides in pertinent part:

> (d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual

-3-

basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed *pro se*, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

　　　　(e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) days of appointment.

　　　　(f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

Tenn. Code Ann. § 40-30-106(d)-(f) (2006). A petition presents a "colorable claim," sufficient to withstand summary dismissal, when the facts alleged, "'taken as true'" and "'in the light most favorable to [the] petitioner'" would entitle the petitioner to relief under the Post-Conviction Procedure Act. Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)).

In Arnold, our supreme court explained that, although the *pro se* petition was inartfully drafted, it, nonetheless, stated a colorable claim, entitling the petitioner to an evidentiary hearing:

　　　　Arnold's petition alleges that the media coverage involving his child rape charges was both constant and exploitative. Despite this adverse publicity, Arnold's trial attorney failed to request a change of venue and failed to adequately question potential jurors to determine the extent to which they were subjected and influenced by this constant and exploitative media coverage. Arnold links his convictions and his consecutive sentences to his attorney's deficient performance and suggests that a fair trial was impossible under the circumstances. Specifically, he alleges that the jury selection process and the length of the trial demonstrate a "mockery of Justice itself."

-4-

143 S.W.3d at 787.

In the present appeal, by contrast, while the petitioner lists a number of complaints against trial counsel and the legal procedures, he provides no specifics as to how any of this was relevant to his entering a plea of guilty. He does claim that he was "very hysterical" as he was "sworn in" and "didn't fully understand what the Judge was asking" him. The post-conviction court concluded that the petitioner's allegations were not sufficiently specific to entitle him to an evidentiary hearing, and we agree.

## **<u>CONCLUSION</u>**

Following our review, we affirm the summary dismissal of the petition by the post-conviction court.

_____
ALAN E. GLENN, JUDGE